**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 1 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROMAN MELIKOV, | No. 22-15901 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-04074-JSW |
| v. | |
| GHILOTTI BROS., INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 27, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Roman Melikov, appearing *pro se*, appeals the district court's grant of

summary adjudication in favor of Ghilotti Bros., Inc. ("Ghilotti") on Melikov's

willful and wanton misconduct claim. We have jurisdiction under 28 U.S.C. § 1291.

Reviewing de novo, *see Amdahl Corp. v. Profit Freight Sys., Inc.*, 65 F.3d 144, 146

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 1995), we affirm.

Melikov contends that his claims pose a federal question and that federal safety standards should govern the analysis. He is mistaken. The Federal-Aid Highway Act ("FHWA") and Highway Safety Act ("HSA") do not contain express or implied causes of action and thus do not confer federal question jurisdiction. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (requiring Congressional intent to create a private cause of action); *see also Merrell Dow Pharmaceuticals Inc. v. Thompson*, 429 U.S. 804, 817 (1996) (stating that cases brought under federal question jurisdiction are generally those in which federal law creates the cause of action). Ghilotti's federally funded contract with Caltrans also does not confer federal question jurisdiction because the contract does not implicate a federal cause of action for willful and wanton misconduct. *See Merrell Dow*, 429 U.S. at 817. And the district court did not "synthetically create" a federal question, as Melikov asserts, because it relied on only state law to assess Melikov's claims.

Moreover, none of the federal laws or safety standards that Melikov cites preempts state law. Torts are governed by state law. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 483–84 (1981) (acknowledging that federal courts follow state laws for personal injury and tort cases). The FHWA, HSA, and Manual on Uniform Traffic Control Devices do not conflict with nor preempt the state standard for willful and wanton misconduct. Melikov's reliance on *Norfolk S. Ry. Co. v.*

2

*Shanklin*, 529 U.S. 344 (2000), to support preemption is misplaced. That case concerned federal regulations that preempted state standards governing the adequacy of railroad safety devices—not torts. *See id.* at 358.

With diversity jurisdiction over Melikov's claims only, California law applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Mobil Oil Corp.*, 453 U.S. at 483. Under California law, willful and wanton misconduct requires: "(1) actual or constructive knowledge of the peril to be apprehended; (2) actual or constructive knowledge that injury is probable, as opposed to possible, result of the danger; and (3) conscious failure to act to avoid the peril." *Doe v. U.S. Youth Soccer Ass'n.* 8 Cal. App. 5th 1118, 1140 (2017) (simplified). Here, there is no evidence that Ghilotti had actual or constructive knowledge of the harm that Melikov would face. Nor did Ghilotti act with the "conscious failure" to prevent harm that is necessary to substantiate Melikov's claim.

Because California law governs Melikov's claim, and because there is no genuine dispute that Ghilotti did not act with active disregard of the consequences of its conduct, we affirm.

**AFFIRMED.**

3